JACK B. HEFNER, EMPLOYEE, v. HEFNER PLUMBING COMPANY, INC., EMPLOYER, AND UNITED STATES FIDELITY & GUARANTY COMPANY, INSURANCE CARRIER.

(Filed 6 April, 1960.)

**Master and Servant § 85—**

Where an injured employee has made settlement with the third person tort-feasor in an amount in excess of the liability of the employer under the Compensation Act, he may not thereafter maintain a proceeding against the employer and the insurer under the Compensation Act for the purpose of recovering one-half his attorneys' fees incurred in the proceeding against the third person tort-feasor, since the statutory provisions for the proportionate charge of the attorney's fee between the employer and employee does not apply when there is no recovery under the Compensation Act and the attorney's fee is not approved by the Commission. G.S. 97-10 prior to the 1959 amendment.

APPEAL by plaintiff from *Sharp, S. J.*, at December 7, 1959 Special Civil Term, of MECKLENBURG.

Proceeding under North Carolina Workmen's Compensation Act, G.S. 97-1, *et seq.*

The record of case on appeal reveals the following: Plaintiff was injured on 2 May 1957, in a collision between an automobile being operated by him and belonging to defendant employer and one being operated by a person not a party to this action. At the time of the collision plaintiff was employee of the defendant employer. And on 14 May 1957, plaintiff, through his attorney, advised the representative of the defendant insurance carrier that he was proceeding against the third party and was making no claim for Workmen's Compensation benefits at that time. Through subsequent and periodic correspondence plaintiff's attorney kept the defendant carrier informed of the status of plaintiff's injuries, and of developments in the negotiations with the third party.

In March 1958 plaintiff settled his claim against the third party. Release was executed on 9 April 1958. Thereafter plaintiff filed claim with the N. C. Industrial Commission. The case was heard before Deputy Commissioner Thomas. Claimant contended, and contends, that the injury sustained by him in the automobile collision as hereinabove set forth was an injury by accident arising out of and in the course of his employment with defendant employer. And claimant contends that, although he chose to settle with the third party tortfeasor and then make his claim with the Industrial Commission, defendant carrier should now be made to pay a proportionate part of attorney's fee in the third party matter.

The claim was heard before Deputy Commissioner Thomas, where and when the parties stipulated:

"1. That on and prior to May 2, 1957, Jack B. Hefner and the Hefner Plumbing Company, Inc., were subject to and bound by the provisions of the Workmen's Compensation Act.

"2. That the United States Fidelity & Guaranty Company was at such times the compensation carrier.

"3. That at such times the employer-employee relationship existed between the claimant and defendant employer.

"4. That while so employed claimant's average weekly wage was $230.77."

And based upon all the competent evidence adduced at the hearing, the Deputy Commissioner makes the following additional Findings of Fact:

1. Claimant, at the time of the hearing, and at the time of the accident was president of the defendant employer * * *

3. The injury sustained on May 2, 1957, was an injury by accident arising out of and in the course of claimant's employment with defendant employer.

"4. Claimant was hospitalized following the injury until May 6, 1957, and returned to work on a limited basis shortly thereafter and was paid his regular salary at all times since May 2, 1957, and sustained no wage loss because of his injuries.

"5. Claimant reached the end of the healing period on December 15, 1957, and as a result of the injury in question has ten per cent permanent loss of use of his back and ten per cent permanent loss of use of each arm.

"6. Under date of May 14, 1957, claimant's attorney, Mr. Robert L. Scott, wrote a letter (claimant's Exhibit 1) to defendant carrier stating, among other things: 'This is to advise that we are proceeding against the responsible third party, and Mr. Hefner is making no claim for Workmen's Compensation benefits at this time.' * * *

"10. On March 25, 1958, claimant, with the advice and consent of his attorney, Mr. Scott, reached a settlement with McNeill, the third party tort-feasor. On April 9, 1958, the sum of $10,600 was paid to claimant and Mr. Scott by or on behalf of McNeill.

"11. On April 23, 1958, Mr. Scott disbursed the $10,600 as follows: $287.00 to Dr. John A. Powers; $7,663.00 to the claimant, and Mr. Scott retained the sum of $2,650.00 as his fee. Payment of $287.00 to Dr. Powers was not approved by the Industrial Commission. The attorney fee of $2,650.00 retained by Mr. Scott was not approved by the Industrial Commission.

"12. On June 18, 1958, claimant made claim with the Industrial Commission * * * and requested a hearing."

The Deputy Commissioner then made the following conclusion of law:

"Claimant waived and abandoned any right he may have had under the Workmen's Compensation Act and his claim for benefits and that defendants be assessed with a proportionate part of the attorney fee in the third party matter must therefore be denied. G.S. 97-10. *Ward v. Bowles,* 228 N.C. 274."

From the award entered by the Deputy Commissioner denying the claim, claimant, the plaintiff, appealed to the Full Commission upon alleged error that:

"1. He failed to find as a fact that the letter of May 14, 1957, referred to in finding of fact #6 contained a specific reservation of right on the part of employee to file claim for compensation within time allowed by G.S. 97-24.

"2. Conclusion of law #1 is in error in holding that claimant waived and abandoned his claim for benefits.

"3. The award denying plaintiff's claim for compensation is contrary to law.

"4. He failed to award compensation as provided by and to apply G.S. 97-10 thereto."

The case, coming on for review, the Full Commission, after reviewing all the competent evidence, findings of fact, conclusion of law and award, theretofore made, being of opinion that the record would not support a finding of fact other than the facts found by Hearing Deputy Commissioner, overruled each and every one of plaintiff's exceptions and adopted as its own the findings of fact and conclusions of law of the Hearing Deputy Commissioner, together with the award based thereon, and ordered that the result reached by him be, and the same was affirmed.

The plaintiff, claimant, in compliance with G.S. 97-86 gave notice of appeal and appealed therefrom to Superior Court of Mecklenburg County alleging error on the part of the Full Commission in that "(1) the Full Commission adopted as its own the findings of fact and conclusion of law contained in the opinion and award filed by Deputy Commissioner Thomas on November 12, 1958.

"(2) the Full Commission failed to find as a fact that the letter of May 14, 1957, referred to in finding of fact #6 of Deputy Commissioner Thomas' opinion contained a specific reservation of right on the part of the employee to file claim for compensation within the time allowed by G.S. 97-24.

"(3) the Full Commission directed that the award based on the opinion of the Deputy Commissioner be, in all respects, affirmed.

"(4) the Deputy Commissioner and the Full Commission concluded as a matter of law that the plaintiff waived and abandoned his rights under the Workman's Compensation Act by making a settlement with the third party *tort-feasor* after the lapse of more than six (6) months from the date of the injury giving rise thereto and at a time when neither the employer nor the insurance carrier had filed any written admission of liability with the Industrial Commission, which ruling is contrary to the provisions of G.S. 97-10, G.S. 97-6, G.S. 97-5 and G.S. 97-3.

"(5) the Full Commission failed to award compensation as provided by law and to apply the provisions of G.S. 97-10 thereto."

The matter coming on for hearing before Judge of Superior Court, and the court being of opinion that the assignments of error, numbered 1 through 5, set forth in the notice of appeal from the Full Commission to the Superior Court as above set forth, and each of them, should be overruled, and judgment entered in accordance with

the award of the Full Commission, so ordered, and affirmed the award.

Claimant excepted thereto and appealed therefrom to Supreme Court, and assigns error.

*Robert L. Scott for plaintiff, appellant.*
*Robinson, Jones & Hewson for defendant, appellee.*

WINBORNE, C. J.: This is the determinative question on this appeal: May an employee injured in the course of his employment by the negligent act of a third party, after settlement with the third party for an amount in excess of his employer's liability, and after disbursement of the proceeds of such settlement, recover compensation from his employer in a proceeding under the Workman's Compensation Act. In the light of the provisions of the Act as interpreted by this Court, the answer is "No."

An action under the North Carolina Workman's Compensation Act, where a third party *tort-feasor* is involved, is governed by Section 10 of Chapter 97 of the General Statutes. While this section was deleted by Chapter 1324 of the 1959 Session Laws and new provisions inserted in lieu thereof, the new provisions were expressly made inapplicable to any injury occurring before the ratification of said chapter, which was 20 June, 1959. Therefore the provsions of G.S. 97-10 as they existed prior to the 1959 Act will be applied.

G.S. 97-10 provided in pertinent part as follows: "The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this article, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee * * * as against his employer at common law, or otherwise, on account of such injury * * * Provided, however, that in any case where such employee * * * may have a right to recover damage for such injury * * * from any person other than the employer, compensation shall be paid in accordance with the provisions of this chapter: Provided, further, that after the Industrial Commission shall have issued an award, or the employer or his carrier has admitted liability in writing and filed same with the Industrial Commission, the employer or his carrier shall have the exclusive right to commence an action in his own name and/or in the name of the injured employee * * * for damages on account of such injury or death, and any amount recovered by the employer shall be applied as follows: First, to the payment of actual court costs, then to the payment of attorneys' fees when approved by the Industrial Commission; the remainder or so

much thereof as is necessary shall be paid to the employer to reimburse him for any amount paid and/or to be paid by him under the award of the Industrial Commission; if there then remain any excess, the amount thereof shall be paid to the injured employee or other person entitled thereto: Provided further, that the amount of attorneys' fees paid out in the distribution of the above recovery shall be a charge against the amount due and payable to the employer and employee in proportion to the amount each shall receive out of the recovery. If, however, the employer does not commence such action within six months from the date of such injury or death, the employee, or his personal representative, shall thereafter have the right to bring the action in his own name, and any amount recovered shall be paid in the same manner as if the employer had brought the action."

Under the language of the deleted statute, G.S. 97-10, it appears that several courses of action are open to an employee who is injured, in the course of his employment by the negligent act of a person other than his employer. Among the remedies, he may waive his claim against his employer and pursue his remedy against the third party. *Ward v. Bowles*, 228 N.C. 273, 45 S.E. 2d 354. This is the course taken by plaintiff here. But he argues that he had no intention of giving up his right to file claim under the Act, and therefore that there was no waiver. This argument is untenable because his own actions have placed him outside the purview of the statute whose protection he seeks. He received $10,600 in his settlement with the third party, which amount was disbursed prior to the filing of his claim. This is approximately $2600 more, according to his argument, than his injury would have entitled him to in an award from the Commission. If he had received compensation under the Act and made a settlement with the third party, he would have been required to reimburse his employer for such compensation. Apparently the only relief sought by him and the only gain that could accrue to him in his proceeding against his employer was a proportionate payment of attorney's fee by the employer. However, the provision for proportionate charge of the attorney's fee against the employer and employee applies only in the distribution of the amount recovered in an action against the third party by the employer or employee, and where the amount of recovery is applied in accordance with the terms of the statute, including approval of attorney's fees by the Industrial Commission. Here, there being no such amount recovered requiring distribution, nor possibility of such, the provision is inapplicable. Indeed the applicable statute contemplates that where

employee pursues his remedy against the employer and against the third party, a determination of benefits due under the Act must be made prior to the payment of funds recovered from the third party. G.S. 97-10. *Lovette v. Lloyd,* 236 N.C. 663, 73 S.E. 2d 886.

Other points raised by the appellant have been duly considered, and are found to be not in conflict herewith.

The judgment below is

Affirmed.