IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA15-594

 Filed: 1 December 2015

North Carolina Industrial Commission, No. W31301

DAVID EASTER-ROZZELLE, Employee, Plaintiff,

 v.

CITY OF CHARLOTTE, Employer, SELF-INSURED, Defendant.

 Appeal by defendant from an opinion and award entered 2 March 2015 by the

North Carolina Industrial Commission. Heard in the Court of Appeals 5 November

2015.

 Fink & Hayes, P.L.L.C., by Steven B. Hayes, for plaintiff-appellee.

 Jones, Hewson & Woolard, by Lawrence J. Goldman, for defendant-appellant.

 TYSON, Judge.

 The City of Charlotte (“Defendant”) appeals from the Opinion and Award

issued by the North Carolina Industrial Commission in favor of David Easter-

Rozzelle (“Plaintiff”). We reverse.

 I. Background

 Plaintiff was employed by Defendant as a utility technician. On 18 June 2009,

Plaintiff sustained injury to his neck and right shoulder while lifting a manhole cover

to access a sewer line. Defendant filed a Form 60 in the Industrial Commission

admitting liability and compensability for the injury.
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

 Plaintiff was treated by Dr. Scott Burbank at OrthoCarolina for the shoulder

injury. On 22 June 2009, Dr. Burbank restricted Plaintiff from work activities until

29 June 2009. Plaintiff continued to experience pain and was unable to perform his

job duties on 29 June 2009. He contacted his employer and was instructed to obtain

a work restriction note from Dr. Burbank. Dr. Burbank’s staff advised Plaintiff to

come to the doctor’s office to pick up the note.

 Plaintiff was involved in an automobile accident while driving to Dr. Burbank’s

office and sustained a traumatic brain injury. Plaintiff retained an attorney to

represent him in a personal injury claim for injuries arising out of the accident. He

previously retained different counsel to represent him for his workers’ compensation

claim.

 Plaintiff was transported to the hospital following the automobile accident and

asked his wife to contact his supervisor, William Lee. Plaintiff provided his wife with

a card containing Mr. Lee’s name and contact information. Plaintiff’s wife contacted

Mr. Lee and informed him that Plaintiff had been involved in an automobile accident

on the way to obtain an out-of-work note from Dr. Burbank and could not come to

work that day. Plaintiff spoke with Mr. Lee on at least two occasions during the

three-day period following his automobile accident. He also informed Mr. Lee that

he had been injured in an automobile accident while traveling to Dr. Burbank’s office

to pick up the note to extend the work restriction. Plaintiff also relayed this

 2
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

information to his safety manager and other employees in Defendant’s personnel

office.

 Plaintiff underwent surgery on his right shoulder on 20 May 2010 and 18

November 2010. On 18 November 2011, Dr. Burbank assigned a 10% permanent

partial disability rating to Plaintiff’s right shoulder. Dr. Burbank also assigned

permanent physical restrictions.

 Plaintiff received treatment for traumatic brain injury from Dr. David

Wiercisiewski of Carolina Neurosurgery & Spine and Dr. Bruce Batchelor of

Charlotte Neuropsychologists. Dr. Wiercisiewski diagnosed Plaintiff with a

concussion and post-concussion syndrome. Both Dr. Wiercisiewski and Dr. Batchelor

referred Plaintiff to a psychologist for symptoms of post-traumatic stress disorder,

memory loss, and cognitive deficits.

 Plaintiff, through counsel, settled his personal injury claim for $45,524.00 on

1 August 2011. After attorney fees, costs, and medical expenses related to the

accident were paid from the proceeds of the settlement, Plaintiff received net proceeds

of $16,000.00. At the time of disbursement of the settlement proceeds, Plaintiff

continued to be represented by separate law firms for the personal injury and

workers’ compensation claims.

 The settlement proceeds were disbursed without either reimbursement to

Defendant for its workers’ compensation lien or a superior court order reducing or

 3
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

eliminating the lien, and without an Industrial Commission order allowing

distribution of the funds. In correspondence to Plaintiff’s personal health insurance

carrier, his personal injury attorney stated Plaintiff was not “at work” when he

sustained the injuries from the automobile accident. Plaintiff’s attorney claimed the

health insurance carrier was responsible for those medical bills.

 The parties mediated Plaintiff’s workers’ compensation claim on 9 April 2012.

During the mediation, the workers’ compensation attorney representing Plaintiff

became aware the automobile accident had occurred while Plaintiff was driving to

Dr. Burbank’s office to obtain the work restriction note. Plaintiff’s attorney asserted

the injuries from Plaintiff’s automobile accident should also be covered under

Defendant’s workers’ compensation insurance policy.

 Plaintiff’s attorney suspended the mediation and filed a Form 33 request for

hearing on 31 January 2013. Defendant denied the claim based upon estoppel and

because the settlement proceeds from the automobile accident were disbursed

without Industrial Commission approval or release by the superior court.

 The matter was heard before the Deputy Commissioner on 11 December 2013.

The Deputy Commissioner concluded that under Hefner v. Hefner Plumbing Co., Inc.,

252 N.C. 277, 113 S.E.2d 565 (1960), Plaintiff had no right to recover additional

compensation from Defendant for the injuries arising out of the automobile accident.

The Deputy Commissioner concluded Plaintiff had settled with and disbursed the

 4
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

funds from a third party settlement without preserving Defendant’s lien, or applying

to a superior court judge or the Commission to reduce or eliminate the lien. The

Deputy Commissioner also concluded Plaintiff was estopped from contending he is

entitled to benefits under the Workers’ Compensation Act.

 Plaintiff appealed to the Full Commission, and the matter was heard on 15

August 2014. The Commission found the injuries Plaintiff sustained in the

automobile accident on 29 June 2009 were causally related to Plaintiff’s shoulder

injury, and are compensable as part of Plaintiff’s shoulder injury claim. The

Commission further found Plaintiff provided Defendant with sufficient notice of the

automobile accident and his injuries.

 The Commission concluded the Supreme Court of North Carolina’s decision in

Hefner is inapplicable to facts and law of this case, and Hefner does not preclude

Plaintiff from pursuing benefits under the Workers’ Compensation Act. The

Commission further determined Plaintiff is not judicially nor equitably estopped from

recovery under the Workers’ Compensation Act for injuries related to his automobile

accident. The Commission determined Defendant is entitled to a statutory lien on

recovery from the third party proceeds Plaintiff had received from settlement of his

personal injury claim when the subrogation amount is determined by agreement of

the parties or a superior court judge. Defendant appeals from the Full Commission’s

Opinion and Award.

 5
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

 II. Issues

 Defendant argues the Full Commission erred by concluding: (1) the Supreme

Court’s decision in Hefner is not applicable to this case to prevent Plaintiff’s recovery

under the Workers’ Compensation Act for injuries he sustained in the third party

automobile accident; (2) Plaintiff is not barred from recovery under the Act by

principles of estoppel; and (3) Defendant maintained a subrogation lien and suffered

no prejudice from Plaintiff’s settlement with the third party tortfeasor.

 III. Standard of Review

 This Court reviews the Industrial Commission’s conclusions of law de novo.

Lewis v. Sonoco Prods. Co., 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000). Under

a de novo standard of review, this Court considers the matter anew and can freely

substitute its legal conclusions for those of the Commission. Peninsula Prop. Owners

Ass’n v. Crescent Res., LLC, 171 N.C. App. 89, 92 614 S.E.2d 351, 353 (2005) (citing

In re Appeal of the Greens of Pine Glen Ltd. P’ship, 356 N.C. 642, 647, 576 S.E.2d 316,

319 (2003)), appeal dismissed and disc. review denied, 360 N.C. 177, 626 S.E.2d 648

(2005).

 IV. Right to Recovery under the Workers’ Compensation Act

 Defendant argues the Commission erred in concluding the Supreme Court’s

decision in Hefner is inapplicable to the facts of this case. We agree.

 6
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

 In Hefner, the plaintiff was injured in an automobile accident during the course

and scope of his employment. The plaintiff’s counsel advised the workers’

compensation insurance carrier that the plaintiff was pursuing a claim against the

third party tortfeasor and was “making no claim for Workmen’s Compensation

benefits at this time.” 252 N.C. at 279, 113 S.E.2d at 566.

 The plaintiff’s attorney in Hefner kept the workers’ compensation insurance

carrier informed of the status of the plaintiff's injuries and of developments in the

negotiations with the third party tortfeastor. Id. at 278, 113 S.E.2d at 566. The

plaintiff reached a settlement agreement with the third party tortfeasor and the

settlement funds were disbursed without providing for the workers’ compensation

lien. Id.

 Following settlement, the plaintiff filed a claim with the Industrial

Commission. Id. He argued that, although he had specifically chosen to settle with

the third party tortfeasor, the workers’ compensation carrier should be ordered to pay

a proportionate part of his attorney fees in the third party matter. The Supreme

Court stated:

 This is the determinative question on this appeal: May an
 employee injured in the course of his employment by the
 negligent act of a third party, after settlement with the
 third party for an amount in excess of his employer’s
 liability, and after disbursement of the proceeds of such
 settlement, recover compensation from his employer in a
 proceeding under the Workmen’s Compensation Act. In

 7
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

 light of the provisions of the Act as interpreted by this
 Court, the answer is ‘No.’

Id. at 281, 113 S.E. 2d 568.

 Here, the Full Commission concluded:

 The Supreme Court specifically stated in Hefner that the
 Court based its decision upon the interpretation of N.C.
 Gen. Stat. § 97-10 as it existed prior to June 20, 1959,
 which restricted an employee from recovering both under a
 workers’ compensation action and an action at law against
 a third party tortfeasor. The Supreme Court in Hefner held
 that pursuant to the repealed provisions of N.C. Gen. Stat.
 § 97-10, an employee may waive his claim against his
 employer and pursue his remedy against the third party.
 The Plaintiff in Hefner had elected to pursue his remedy
 against the third party instead of pursuing benefits under
 the Workers’ Compensation Act and was therefore barred
 from recovering under the Act. The present matter is
 controlled by the current provisions of N.C. Gen. Stat. § 97-
 10.2 which do not include the waiver provisions in effect in
 the Hefner case. The Hefner holding is not applicable to the
 present case. Hefner v. Hefner Plumbing Co., Inc, 252 N.C.
 277, 113 S.E.2d 565 (1960).

(Emphasis supplied).

 The Opinion and Award contains error and a misstatement of law with regard

to the Court’s holding in Hefner. The Hefner rationale does not hold that, under the

former statute, the injured employee was restricted from recovering both under a

workers’ compensation action and an action at law against a third party tortfeasor.

The Court in Hefner recognized the former statute, N.C. Gen. Stat. § 97-10, permitted

the plaintiff to recover compensation under the Workers’ Compensation Act and seek

 8
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

damages from the third party tortfeasor. Id. at 282-83, 113 S.E.2d at 569 (“Indeed the

applicable statute contemplates that where the employee pursues his remedy against

the employer and against the third party, a determination of benefits due under the

Act must be made prior to the payment of funds recovered from the third party.”

(emphasis supplied)).

 The provision of the Workers’ Compensation Act, which formerly required the

injured employee to elect between pursuing a remedy against the employer versus

the third party tortfeasor, was eliminated by the 1933 amendment of the Act.

Whitehead & Anderson, Inc. v. Branch, 220 N.C. 507, 510, 17 S.E.2d 637, 639 (1941).

The Hefner opinion was not a blanket preclusion of an employee’s right to recover

from his employer as well as the third party tortfeasor under N.C. Gen. Stat. § 97-10.

 Defendant argues that under the holding in Hefner, Plaintiff may not ignore

the disbursement provisions of the Workers’ Compensation Act and thereafter

attempt to recover benefits from the employer under the Act. The Hefner case was

determined under N. C. Gen. Stat. § 97-10, which was repealed by Session Laws 1959,

c. 1324.

 The current version of the statute, N.C. Gen. Stat. § 97-10.2, sets forth the

rights and interests of the parties when the employee holds a common law cause of

action for damages against a third party tortfeasor. N.C. Gen. Stat. § 97-10.2 (a)

(2013). The statute gives both the employer and the employee the right to proceed

 9
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

against, and make settlement with, the third party. N.C. Gen. Stat. § 97-10.2(b) and

(c) (2013). The statute provides:

 (h) In any proceeding against or settlement with the third
 party, every party to the claim for compensation shall have
 a lien to the extent of his interest under (f) hereof upon any
 payment made by the third party by reason of such injury
 or death, whether paid in settlement, in satisfaction of
 judgment, as consideration for covenant not to sue, or
 otherwise and such lien may be enforced against any
 person receiving such funds. Neither the employee or his
 personal representative nor the employer shall make any
 settlement with or accept any payment from the third party
 without the written consent of the other and no release to or
 agreement with the third party shall be valid or enforceable
 for any purpose unless both employer and employee or his
 personal representative join therein; provided, that this
 sentence shall not apply:

 (1) If the employer is made whole for all benefits paid or to
 be paid by him under this Chapter less attorney’s fees as
 provided by (f)(1) and (2) hereof and the release to or
 agreement with the third party is executed by the
 employee; or

 (2) If either party follows the provisions of subsection (j) of
 this section.

N.C. Gen. Stat. § 97-10.2(h) (2013) (emphasis supplied).

 Pursuant to subsection (j) of the statute, following the employee’s settlement

with the third party, either the employee or the employer may apply to a superior

court judge to determine the subrogation amount. N.C. Gen. Stat. § 97-10.2(j) (2013).

“After notice to the employer and the insurance carrier, after an opportunity to be

heard by all interested parties, and with or without the consent of the employer, the

 10
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

judge shall determine, in his discretion, the amount, if any, of the employer’s lien.”

Id.

 When a case is settled pursuant to subsection (j), our Supreme Court has held

that the employer must still give written consent pursuant to subsection (e). Pollard

v. Smith, 324 N.C. 424, 426, 378 S.E.2d 771,773 (1989). Defendant’s mandatory right

to reimbursement under N.C. Gen. Stat. § 97-10.2 (e) is not waived by failure to admit

liability or obtain a final award prior to distribution of the third party settlement

proceeds. Radzisz v. Harley Davidson, 346 N.C. 84, 90, 484 S.E.2d 566, 569-70 (1997).

 “The purpose of the North Carolina Workers’ Compensation Act is not only to

provide a swift and certain remedy to an injured worker, but also to ensure a limited

and determinate liability for employers.” Id. at 89, 484 S.E.2d 566, 569 (1997)

(citation omitted). By enacting N.C. Gen. Stat. § 97-10.2(e) and (j), the General

Assembly clearly intended for the employer to have involvement and consent in the

settlement process, including allocation and approval of costs and fees, and

determination of the employer’s lien. Allowing the employee to settle with the third

party tortfeasor, determine the allocation, distribute funds, and later claim

entitlement to workers’ compensation benefits would eviscerate the statute’s intent.

 Plaintiff argues the Hefner holding is distinguishable because the settlement

in that case involved an amount in excess of the employer’s liability under the

Workers’ Compensation Act. Here, Plaintiff asserts he recovered “an amount grossly

 11
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

inadequate” to cover his medical bills and lost wages. This distinction is insignificant.

Regardless of the amount of the settlement, the employer was not provided an

opportunity to participate in the settlement or allocation of its disbursement by its

providing written consent. Also, neither the superior court nor the Commission had

a role in determining the respective rights or obligations of the parties.

 In Pollard v. Smith, the plaintiff, a highway patrolman, was injured in an

automobile accident while on duty. Pollard, 324 N.C. at 425, 378 S.E.2d at 772. The

North Carolina Department of Crime Control and Public Safety paid workers’

compensation benefits to the plaintiff. The plaintiff then settled with the third party

without the Department’s consent to the settlement. Id. Also, without any notice to

the Department, the plaintiff petitioned the superior court for an order distributing

the funds. The superior court ordered that all proceeds from the settlement be paid

to the plaintiff. Id.

 The Supreme Court held “[t]he settlement . . . is void because it does not comply

with N.C.G.S. § 97-10.2(h) in that the Department did not give its written consent to

the settlement.” Pollard, 324 N.C. at 426, 378 S.E.2d at 771 (emphasis supplied);

accord Williams v. International Paper Co., 324 N.C. 567, 380 S.E.2d 510 (1989)

(holding a settlement reached by the parties without the written consent of the

employer is void). Plaintiff argues that under Pollard and Williams, the settlement

should be treated as void, rather than bar recovery under the Act. Plaintiff asserts

 12
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

the correct remedy is to void the settlement and allow the superior court to determine

the amount, if any, of Defendant’s lien. If any amount is due Defendant, Plaintiff

asserts future payment can be deducted from benefits due to Plaintiff. We disagree.

 Plaintiff’s claims against the third party tortfeasor are not before this Court.

The difference between this case and Pollard and Williams, is both those cases

involved appeals from the superior court’s order allowing the settlements to be

disbursed. The settlements had not been disbursed without the court’s or

Commission’s approval.

 Here, the settlement was agreed to, paid, allocated and disbursed without

notice to Defendant and prior to Plaintiff’s later claim for entitlement to workers’

compensation benefits. Initial and oral notice of the accident to Defendant does not

satisfy the required statutory written notice of the claim and consent to the

settlement or disbursement. The statute specifically prohibits either party from

entering into a settlement or accepting payment from the third party without written

consent of the other. N.C. Gen. Stat. 97-10.2(h).

 Plaintiff’s assertion does not consider or align with the legislative purpose of

N.C. Gen. Stat § 97-10.2(h) to allow Defendant to participate in the settlement

process by requiring review and written consent to the settlement. Allowing

Defendant to recoup its lien from settlement funds already paid and disbursed does

not accomplish the statute’s purpose and intent, and is unfair to Defendant.

 13
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

 In light of the requirement of N.C. Gen. Stat. § 97-10.2(h) that the employer

provide written consent to the Plaintiff’s settlement with a third party, the reasoning

of the Hefner case is applicable here. Where an employee is injured in the course of

his employment by the negligent act of a third party, settles with the third party, and

proceeds of the settlement are disbursed in violation of N.C. Gen. Stat. § 97-10.2, the

employee is barred from recovering compensation for the same injuries from his

employer in a proceeding under the Workers’ Compensation Act. Hefner, 252 N.C. at

281, 113 S.E. 2d 568.

 In light of our holding, we need not address the applicability of principles of

judicial and equitable estoppel. By the express language of the statute and the

General Assembly’s stated intent, Plaintiff is precluded from recovering workers’

compensation benefits under the Act for injuries arising from the automobile accident

after excluding Defendant from the settlement allocation and disbursement of

proceeds. Id. Plaintiff’s arguments are overruled.

 V. Conclusion

 Plaintiff is barred from later claiming entitlement to compensation under the

Workers’ Compensation Act after settling his claim with the third party tortfeasor

without the written consent of the employer in violation of N.C. Gen. Stat. § 97-10.2,

or an order from the superior court or the Commission, prior to disbursement of the

proceeds of the settlement. The Industrial Commission erred in finding and

 14
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Opinion of the Court

concluding Plaintiff was entitled to workers’ compensation benefits under these facts.

The Commission’s Opinion and Award is reversed.

 REVERSED.

 Judges McCULLOUGH concurs.

 Judge DIETZ concurs with separate opinion.

 15
 No. COA15-594 – Easter-Rozzelle v. City of Charlotte

 DIETZ, Judge, Concurring.

 This case presents a hornbook example of the doctrine of quasi-estoppel.

Under the Workers’ Compensation Act, an employee who is injured by a third party

in the course of his employment cannot settle and collect payment from the tortfeasor

without (1) the written consent of the employer; (2) an order from a superior court

judge setting the amount of the employer’s lien on the settlement payment; or (3)

paying the employer the full amount of its claimed lien as part of the settlement. See

N.C. Gen. Stat. § 97-10.2(h),(j).

 By settling his tort claim and receiving a substantial settlement payment

without doing any of these things, Easter-Rozzelle received a benefit: the immediate

receipt of money that, had he treated the claim as one subject to the Workers’

Compensation Act, likely would have been split with—or paid entirely to—his

employer.

 The acceptance of this benefit invokes the doctrine of quasi-estoppel. Easter-

Rozzelle had a choice—either follow the statutory procedure for settling a tort claim

that also gives rise to a compensable workers’ compensation injury, or treat the

subsequent injury as an ordinary tort claim not subject to the statutory provisions.

Easter-Rozzelle chose the latter. As a result, he received the benefit of a settlement

not subject to employer approval, and a settlement check not subject to a workers’
 EASTER-ROZZELLE V. CITY OF CHARLOTTE

 Dietz, J., Concurring

compensation lien. Later, Easter-Rozzelle took a plainly inconsistent position by

asserting that his injury was, in fact, subject to the Workers’ Compensation Act

despite having just settled the claim in a manner that indicated it was not.

 “Quasi-estoppel ‘has its basis in acceptance of benefits’ and provides that

‘[w]here one having the right to accept or reject a transaction or instrument takes

and retains benefits thereunder, he ratifies it, and cannot avoid its obligation or effect

by taking a position inconsistent with it.’” Carolina Medicorp, Inc. v. Bd. of Trustees

of State of N.C. Teachers’ & State Employees Comprehensive Major Med. Plan, 118

N.C. App. 485, 492, 456 S.E.2d 116, 120 (1995).

 I would hold that, by entering into a settlement with the tortfeasor that treated

his injury claim as one not subject to the Workers’ Compensation Act, Easter-Rozzelle

is estopped from later seeking benefits under the Act for that same injury. Of course,

Easter-Rozzelle can continue to receive his workers’ compensation benefits for his

underlying shoulder injury—the one that sent him to meet with his doctor on the day

of the accident. But I would hold that quasi-estoppel precludes Easter-Rozzelle from

asserting that the injuries sustained in the accident are compensable under the

Workers’ Compensation Act because Easter-Rozzelle chose to receive the benefits of

an up-front settlement payment from the tortfeasor that treated those injuries as if

they were not subject to the Act.

 2