A. C. WARD v. MARSHALL BOWLES AND THE BLUE BIRD TAXICAB COMPANY, INC.

(Filed 10 December, 1947.)

**1. Automobiles §§ 16, 18h (2)—**

Evidence that when a pedestrian had traversed about half of an intersection in the pedestrian lane on a green light, the light changed, and the pedestrian stopped in the center of the street, and that the driver of a cab, approaching from the pedestrian's right in the left-turn lane, cut to his left and struck the pedestrian when about half of the front of the cab was to the left of the center line of the street, *is held* sufficient to be submitted to the jury on the issue of negligence, since the driver of the cab could have seen the pedestrian in ample time to have avoided a collision had he been keeping a proper lookout, and since the evidence discloses that the driver "cut the corner" in violation of G. S., 20-153 (a), without giving any signal or warning of his approach.

**2. Automobiles § 8i—**

The fact that a motorist has the green light in traversing an intersection does not relieve him of the duty to exercise proper care for the safety of a pedestrian who has lawfully entered the intersection and is standing in the center of the street.

**3. Automobiles § 18h (3)—**

A pedestrian who starts across an intersection with the green light and is caught by the changing lights cannot be held guilty of contributory negligence as a matter of law in standing in the center of the street.

**4. Master and Servant § 41—**

The remedies given an employee under the Workmen's Compensation Act are exclusive as against the employer only, G. S., 97-10, and the Act does not preclude an employee from waiving his claim against his employer and pursuing his remedy against a third-party tort-feasor by common law action for negligence, although his rights against such third party after a claim for compensation is filed, are limited.

APPEAL by plaintiff from *Shuford, Special Judge,* October Term, 1947, GUILFORD (High Point Division). Reversed.

Civil action to recover damages for personal injuries resulting from taxicab-pedestrian collision.

The plaintiff was, at the time of the accident complained of, a police officer of the City of High Point. About 11:00 p.m. on 19 September 1943 he started across North Main Street of High Point at the south end of the Main Street bridge. He was going from east to west, within the lane marked for pedestrians, on the green traffic light. When he got about midway the street, the light changed to red, and he stopped at the edge of the center or left-turn vehicular traffic lane.

He saw the corporate defendant's taxicab being operated by defendant Bowles, at the north end of the bridge, approaching in the left-turn lane. He turned to look to the south and as he looked back to the north the defendant's taxi "was right on" him. "The driver of the cab cut short and just about half of the front of the cab was in the northbound fast lane" when it struck plaintiff. The plaintiff suffered certain personal injuries which he says developed and grew worse as time passed.

At the conclusion of the evidence for plaintiff, the court, on motion of defendants, dismissed the action as in case of nonsuit and plaintiff appealed.

*Haworth & Mattocks for plaintiff appellant.*
*Gold, McAnally & Gold for defendant appellees.*

BARNHILL, J. On this record plaintiff was lawfully in the intersection, standing in a position where he was clearly visible to the driver of the defendant's taxicab as the latter approached the intersection. The taxi driver, had he been keeping a proper lookout, could have seen him in ample time to avoid a collision. Instead he "cut the corner" in violation of G. S. 20-153 (a) without giving any signal or warning of his approach. The collision resulted. These circumstances, unrebutted as they are on this record, warrant an inference of negligence and are sufficient to require the submission of appropriate issues to the jury.

The defendant Bowles, it is true, was at the time driving on a green light, but that fact did not relieve him of the duty to exercise proper care for the safety of a pedestrian who had lawfully entered and was standing in the intersection when he approached.

The facts are not such as to require or permit the conclusion that plaintiff was guilty of contributory negligence as a matter of law.

There is no evidence that either plaintiff or his employer had given notice of non-acceptance of the Workmen's Compensation Act, G. S. Chap. 97, under the terms of G. S. 97-4. It must be presumed, therefore,

that both the City of High Point and the plaintiff at the time of the accident were bound by the provisions of that Act. G. S. 97-3. The plaintiff, at the time he received his injuries, was engaged in the discharge of his duties as a police officer of said city. He never filed any claim for compensation against the city. These facts, the defendants contend, preclude plaintiff from instituting any action against them and support the judgment of nonsuit entered in the court below. The contention is untenable.

When an employee and his employer have accepted the provisions of the Workmen's Compensation Act, the rights and remedies respecting compensation for personal injuries received while about his master's business, granted the employee by the Act, are exclusive as against the employer only. G. S. 97-10. A third-party tort-feasor is subject to suit even though compensation is paid or liability therefor is acknowledged by the employer. G. S. 97-10. While the rights of the employee, as against a third party after claim for compensation is filed, are limited, G. S. 97-10, there is nothing in the Act which denies him the right to waive his claim against his employer and pursue his remedy against the alleged tort-feasor by common law action for negligence.

The fact that the plaintiff may have been insured against the defendants' negligence, either directly or by virtue of the statute, is of no protection to the defendants from suit for their alleged wrongful act.

The judgment below is

Reversed.