TEDDY GLENN POLLARD v. EUGENE PADEN SMITH, AND EUGENE PADEN SMITH, ADMINISTRATOR OF THE ESTATE OF MARGARET ELIZABETH SMITH

No. 311PA88

(Filed 4 May 1989)

**Subrogation § 1; Master and Servant § 99.4— injury to highway patrolman—settlement with third party—no notice to Department of Crime Control and Public Safety—settlement void**

> A settlement between a highway patrolman injured in an automobile accident and the estate of the other party involved in the collision was void where the Department of Crime Control and Public Safety had paid workers' compensation benefits to the patrolman and did not give its written consent to the settlement. N.C.G.S. § 97-10.2(j) must be read *in pari materia* with the rest of the section, which requires that the Department give a written consent before a settlement may be made.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 90 N.C. App. 585, 369 S.E. 2d 84 (1988), affirming an order entered by *Phillips, J.*, at the 18 May 1987 Civil Session of Superior Court, CARTERET County. Heard in the Supreme Court 13 February 1989.

This is an appeal by the North Carolina Department of Crime Control and Public Safety from an order of superior court determining the amount to be paid to the plaintiff from the proceeds of a settlement upon which the Department claimed a lien under the

Workers' Compensation Act. The plaintiff, a highway patrolman, was injured while on duty in a collision with an automobile driven by Margaret Elizabeth Smith. Ms. Smith was killed in the collision. The Department paid approximately $17,000 to Mr. Pollard in workers' compensation benefits.

The plaintiff brought this action for personal injuries against the estate of Margaret Elizabeth Smith and the Department notified the plaintiff's attorney that it claimed a lien for its workers' compensation payments on any recovery. After a pre-trial conference with a judge had been held and while the case was pending on the trial calendar the plaintiff settled his case against the estate. The Department did not give its consent to the settlement. The case was settled on or about 18 May 1987 and without any notice to the Department the plaintiff petitioned the superior court for an order distributing the funds. The superior court ordered that all proceeds from the settlement be paid to the plaintiff.

The Court of Appeals affirmed the order of the superior court. We granted the petition for discretionary review.

*Law Offices of Marvin Blount, Jr., by Marvin Blount, Jr. and Albert Charles Ellis, for plaintiff appellee.*

*Lacy H. Thornburg, Attorney General, by Victor H. E. Morgan, Jr., Assistant Attorney General, for The North Carolina Department of Crime Control and Public Safety, appellant.*

WEBB, Justice.

The Department makes two assignments of error. It says first that it was error for the superior court to order the disbursal of the proceeds from the settlement without notice to the Department. In its second assignment of error the Department contends the court erred in ordering the entire amount of the settlement to be given to the plaintiff.

As to its contention that it was error not to give the Department notice and a chance to be heard before disbursing the funds the Department argues that the action of the superior court violates the constitutions of the United States and North Carolina. *McMillan v. Robeson County*, 262 N.C. 413, 137 S.E. 2d 105 (1964).

In our view of the case it is not necessary to reach the constitutional question.

The rights of an employer who has paid workers' compensation and an employee in respect to a common law cause of action against a third party are governed by N.C.G.S. § 97-10.2. That section provides in subsections (b), (c), and (d) that in certain circumstances either the employer or the employee may bring the action. Either party who brings the action has the right to settle it subject to the provisions of subsection (h). Subsection (h) provides: "[n]either the employee or his personal representative nor the employer shall make any settlement . . . without the written consent of the other." In 1983 N.C.G.S. § 97-10.2 was amended by adding subsection (j) which in pertinent part says:

> [I]n the event that a settlement has been agreed upon by the employee and the third party when said action is pending on a trial calendar and the pretrial conference with the judge has been held, either party may apply to the resident superior court judge of the county in which the cause of action arose or the presiding judge before whom the cause of action is pending, for determination as to the amount to be paid to each by such third party tortfeasor.

We believe subsection (j) must be read *in pari materia* with the rest of the section. *Walker v. Bakeries Co.*, 234 N.C. 440, 67 S.E. 2d 459 (1951). Other parts of the section provide a procedure for settling a case. We do not believe the legislature intended this procedure to be ignored when settling a case pursuant to subsection (j). The procedure requires that the Department give a written consent before a settlement may be made.

The settlement between plaintiff and the defendants in this case is void because it does not comply with N.C.G.S. § 97-10.2(h) in that the Department did not give its written consent to the settlement. The Department was not prejudiced by not receiving notice of the motion to disburse the funds.

In the light of our disposition of this case we do not pass on the Department's second assignment of error. We reverse the decision of the Court of Appeals and remand for further proceedings consistent with this opinion.

Reversed and remanded.