TYSON, Judge.
*199 The City of Charlotte ("Defendant") appeals from the Opinion and Award issued by the North Carolina Industrial Commission in favor of David Easter-Rozzelle ("Plaintiff"). We reverse.
I. Background
Plaintiff was employed by Defendant as a utility technician. On 18 June 2009, Plaintiff sustained injury to his neck and right shoulder while lifting a manhole cover to access a sewer line. Defendant filed a Form 60 in the Industrial Commission admitting liability and compensability for the injury.
Plaintiff was treated by Dr. Scott Burbank at OrthoCarolina for the shoulder injury. On 22 June 2009, Dr. Burbank restricted Plaintiff from work activities until 29 June 2009. Plaintiff continued to experience pain and was unable to perform his job duties on 29 June 2009. He contacted his employer and was instructed to obtain a work restriction note from Dr. Burbank. Dr. Burbank's staff advised Plaintiff to come to the doctor's office to pick up the note.
Plaintiff was involved in an automobile accident while driving to Dr. Burbank's office and sustained a traumatic brain injury. Plaintiff retained an attorney to represent him in a personal injury claim for injuries arising out of the accident. He previously retained different counsel to represent him for his workers' compensation claim.
Plaintiff was transported to the hospital following the automobile accident and asked his wife to contact his supervisor, William Lee. Plaintiff provided his wife with a card containing Mr. Lee's name and contact information. Plaintiff's wife contacted Mr. Lee and informed him that Plaintiff had been involved in an automobile accident on the way to obtain an out-of-work note from Dr. Burbank and could not come to work that day. Plaintiff spoke with Mr. Lee on at least two occasions during the three-day period *246 following his automobile accident. He also informed Mr. Lee that he had been injured in an automobile accident while traveling to Dr. Burbank's office to pick up the note to extend the work restriction. Plaintiff also relayed this information to his safety manager and other employees in Defendant's personnel office.
Plaintiff underwent surgery on his right shoulder on 20 May 2010 and 18 November 2010. On 18 November 2011, Dr. Burbank assigned a 10% permanent partial disability rating to Plaintiff's right shoulder. Dr. Burbank also assigned permanent physical restrictions.
Plaintiff received treatment for traumatic brain injury from Dr. David Wiercisiewski of Carolina Neurosurgery & Spine and Dr. Bruce *200 Batchelor of Charlotte Neuropsychologists. Dr. Wiercisiewski diagnosed Plaintiff with a concussion and post-concussion syndrome. Both Dr. Wiercisiewski and Dr. Batchelor referred Plaintiff to a psychologist for symptoms of post-traumatic stress disorder, memory loss, and cognitive deficits.
Plaintiff, through counsel, settled his personal injury claim for $45,524.00 on 1 August 2011. After attorney fees, costs, and medical expenses related to the accident were paid from the proceeds of the settlement, Plaintiff received net proceeds of $16,000.00. At the time of disbursement of the settlement proceeds, Plaintiff continued to be represented by separate law firms for the personal injury and workers' compensation claims.
The settlement proceeds were disbursed without either reimbursement to Defendant for its workers' compensation lien or a superior court order reducing or eliminating the lien, and without an Industrial Commission order allowing distribution of the funds. In correspondence to Plaintiff's personal health insurance carrier, his personal injury attorney stated Plaintiff was not "at work" when he sustained the injuries from the automobile accident. Plaintiff's attorney claimed the health insurance carrier was responsible for those medical bills.
The parties mediated Plaintiff's workers' compensation claim on 9 April 2012. During the mediation, the workers' compensation attorney representing Plaintiff became aware the automobile accident had occurred while Plaintiff was driving to Dr. Burbank's office to obtain the work restriction note. Plaintiff's attorney asserted the injuries from Plaintiff's automobile accident should also be covered under Defendant's workers' compensation insurance policy.
Plaintiff's attorney suspended the mediation and filed a Form 33 request for hearing on 31 January 2013. Defendant denied the claim based upon estoppel and because the settlement proceeds from the automobile accident were disbursed without Industrial Commission approval or release by the superior court.
The matter was heard before the Deputy Commissioner on 11 December 2013. The Deputy Commissioner concluded that under Hefner v. Hefner Plumbing Co., Inc., 252 N.C. 277, 113 S.E.2d 565 (1960), Plaintiff had no right to recover additional compensation from Defendant for the injuries arising out of the automobile accident. The Deputy Commissioner concluded Plaintiff had settled with and disbursed the funds from a third party settlement without preserving Defendant's lien, or applying to a superior court judge or the Commission to reduce *201 or eliminate the lien. The Deputy Commissioner also concluded Plaintiff was estopped from contending he is entitled to benefits under the Workers' Compensation Act.
Plaintiff appealed to the Full Commission, and the matter was heard on 15 August 2014. The Commission found the injuries Plaintiff sustained in the automobile accident on 29 June 2009 were causally related to Plaintiff's shoulder injury, and are compensable as part of Plaintiff's shoulder injury claim. The Commission further found Plaintiff provided Defendant with sufficient notice of the automobile accident and his injuries.
The Commission concluded the Supreme Court of North Carolina's decision in Hefner is inapplicable to facts and law of this case, and Hefner does not preclude Plaintiff from pursuing benefits under the Workers' Compensation Act. The Commission further determined Plaintiff is not judicially nor equitably estopped from recovery under the Workers' Compensation Act for injuries related *247 to his automobile accident. The Commission determined Defendant is entitled to a statutory lien on recovery from the third party proceeds Plaintiff had received from settlement of his personal injury claim when the subrogation amount is determined by agreement of the parties or a superior court judge. Defendant appeals from the Full Commission's Opinion and Award.
II. Issues
Defendant argues the Full Commission erred by concluding: (1) the Supreme Court's decision in Hefner is not applicable to this case to prevent Plaintiff's recovery under the Workers' Compensation Act for injuries he sustained in the third party automobile accident; (2) Plaintiff is not barred from recovery under the Act by principles of estoppel; and (3) Defendant maintained a subrogation lien and suffered no prejudice from Plaintiff's settlement with the third party tortfeasor.
III. Standard of Review
This Court reviews the Industrial Commission's conclusions of law de novo. Lewis v. Sonoco Prods. Co., 137 N.C.App. 61, 68, 526 S.E.2d 671, 675 (2000). Under a de novo standard of review, this Court considers the matter anew and can freely substitute its legal conclusions for those of the Commission. Peninsula Prop. Owners Ass'n v. Crescent Res., LLC, 171 N.C.App. 89, 92, 614 S.E.2d 351, 353 (2005) (citing In re Appeal of the Greens of Pine Glen Ltd. P'ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) ), appeal dismissed and disc. review denied, 360 N.C. 177, 626 S.E.2d 648 (2005).
*202 IV. Right to Recovery under the Workers' Compensation Act
Defendant argues the Commission erred in concluding the Supreme Court's decision in Hefner is inapplicable to the facts of this case. We agree.
In Hefner, the plaintiff was injured in an automobile accident during the course and scope of his employment. The plaintiff's counsel advised the workers' compensation insurance carrier that the plaintiff was pursuing a claim against the third party tortfeasor and was "making no claim for Workmen's Compensation benefits at this time." 252 N.C. at 279, 113 S.E.2d at 566.
The plaintiff's attorney in Hefner kept the workers' compensation insurance carrier informed of the status of the plaintiff's injuries and of developments in the negotiations with the third party tortfeastor. Id. at 278, 113 S.E.2d at 566. The plaintiff reached a settlement agreement with the third party tortfeasor and the settlement funds were disbursed without providing for the workers' compensation lien. Id.
Following settlement, the plaintiff filed a claim with the Industrial Commission. Id. He argued that, although he had specifically chosen to settle with the third party tortfeasor, the workers' compensation carrier should be ordered to pay a proportionate part of his attorney fees in the third party matter. The Supreme Court stated:
This is the determinative question on this appeal: May an employee injured in the course of his employment by the negligent act of a third party, after settlement with the third party for an amount in excess of his employer's liability, and after disbursement of the proceeds of such settlement, recover compensation from his employer in a proceeding under the Workmen's Compensation Act. In light of the provisions of the Act as interpreted by this Court, the answer is 'No.'
Id. at 281, 113 S.E.2d at 568.
Here, the Full Commission concluded:
The Supreme Court specifically stated in Hefner that the Court based its decision upon the interpretation of N.C. Gen.Stat. § 97-10 as it existed prior to June 20, 1959, which restricted an employee from recovering both under a workers' compensation action and an action at law against a third party tortfeasor. The Supreme Court in *203 Hefner held that pursuant to the repealed provisions of N.C. Gen.Stat. § 97-10, an employee may waive his claim against his employer and pursue his remedy against the third party. The Plaintiff in Hefner had elected to pursue his remedy against the third party instead of pursuing benefits under the Workers' Compensation Act and was therefore barred *248 from recovering under the Act. The present matter is controlled by the current provisions of N.C. Gen.Stat. § 97-10.2 which do not include the waiver provisions in effect in the Hefner case. The Hefner holding is not applicable to the present case. Hefner v. Hefner Plumbing Co., Inc., 252 N.C. 277, 113 S.E.2d 565 (1960).
(Emphasis supplied).
The Opinion and Award contains error and a misstatement of law with regard to the Court's holding in Hefner. The Hefner rationale does not hold that, under the former statute, the injured employee was restricted from recovering both under a workers' compensation action and an action at law against a third party tortfeasor. The Court in Hefner recognized the former statute, N.C. Gen.Stat. § 97-10, permitted the plaintiff to recover compensation under the Workers' Compensation Act and seek damages from the third party tortfeasor. Id. at 282-83, 113 S.E.2d at 569 ("Indeed the applicable statute contemplates that where the employee pursues his remedy against the employer and against the third party, a determination of benefits due under the Act must be made prior to the payment of funds recovered from the third party. " (emphasis supplied)).
The provision of the Workers' Compensation Act, which formerly required the injured employee to elect between pursuing a remedy against the employer versus the third party tortfeasor, was eliminated by the 1933 amendment of the Act. Whitehead & Anderson, Inc. v. Branch, 220 N.C. 507, 510, 17 S.E.2d 637, 639 (1941). The Hefner opinion was not a blanket preclusion of an employee's right to recover from his employer as well as the third party tortfeasor under N.C. Gen.Stat. § 97-10.
Defendant argues that under the holding in Hefner, Plaintiff may not ignore the disbursement provisions of the Workers' Compensation Act and thereafter attempt to recover benefits from the employer under the Act. The Hefner case was determined under N.C. Gen.Stat. § 97-10, which was repealed by Session Laws 1959, c. 1324.
The current version of the statute, N.C. Gen.Stat. § 97-10.2, sets forth the rights and interests of the parties when the employee holds *204 a common law cause of action for damages against a third party tortfeasor. N.C. Gen.Stat. § 97-10.2(a) (2013). The statute gives both the employer and the employee the right to proceed against, and make settlement with, the third party. N.C. Gen.Stat. § 97-10.2(b) and (c) (2013). The statute provides:
(h) In any proceeding against or settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest under (f) hereof upon any payment made by the third party by reason of such injury or death, whether paid in settlement, in satisfaction of judgment, as consideration for covenant not to sue, or otherwise and such lien may be enforced against any person receiving such funds. Neither the employee or his personal representative nor the employer shall make any settlement with or accept any payment from the third party without the written consent of the other and no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein; provided, that this sentence shall not apply:
(1) If the employer is made whole for all benefits paid or to be paid by him under this Chapter less attorney's fees as provided by (f)(1) and (2) hereof and the release to or agreement with the third party is executed by the employee; or
(2) If either party follows the provisions of subsection (j) of this section.
N.C. Gen.Stat. § 97-10.2(h) (2013) (emphasis supplied).
Pursuant to subsection (j) of the statute, following the employee's settlement with the third party, either the employee or the employer may apply to a superior court judge to determine the subrogation amount. N.C. Gen.Stat. § 97-10.2(j) (2013). "After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien." Id.
*249 When a case is settled pursuant to subsection (j), our Supreme Court has held that the employer must still give written consent pursuant to subsection (e).
*205 Pollard v. Smith, 324 N.C. 424, 426, 378 S.E.2d 771, 773 (1989). Defendant's mandatory right to reimbursement under N.C. Gen.Stat. § 97-10.2(e) is not waived by failure to admit liability or obtain a final award prior to distribution of the third party settlement proceeds. Radzisz v. Harley Davidson, 346 N.C. 84, 90, 484 S.E.2d 566, 569-70 (1997).
"The purpose of the North Carolina Workers' Compensation Act is not only to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers." Id. at 89, 484 S.E.2d 566, 569 (1997) (citation omitted). By enacting N.C. Gen.Stat. § 97-10.2(e) and (j), the General Assembly clearly intended for the employer to have involvement and consent in the settlement process, including allocation and approval of costs and fees, and determination of the employer's lien. Allowing the employee to settle with the third party tortfeasor, determine the allocation, distribute funds, and later claim entitlement to workers' compensation benefits would eviscerate the statute's intent.
Plaintiff argues the Hefner holding is distinguishable because the settlement in that case involved an amount in excess of the employer's liability under the Workers' Compensation Act. Here, Plaintiff asserts he recovered "an amount grossly inadequate" to cover his medical bills and lost wages. This distinction is insignificant. Regardless of the amount of the settlement, the employer was not provided an opportunity to participate in the settlement or allocation of its disbursement by its providing written consent. Also, neither the superior court nor the Commission had a role in determining the respective rights or obligations of the parties.
In Pollard v. Smith, the plaintiff, a highway patrolman, was injured in an automobile accident while on duty. Pollard, 324 N.C. at 425, 378 S.E.2d at 772. The North Carolina Department of Crime Control and Public Safety paid workers' compensation benefits to the plaintiff. The plaintiff then settled with the third party without the Department's consent to the settlement. Id. Also, without any notice to the Department, the plaintiff petitioned the superior court for an order distributing the funds. The superior court ordered that all proceeds from the settlement be paid to the plaintiff. Id.
The Supreme Court held "[t]he settlement ... is void because it does not comply with N.C.G.S. § 97-10.2(h) in that the Department did not give its written consent to the settlement." Pollard, 324 N.C. at 426, 378 S.E.2d at 771 (emphasis supplied); accord Williams v. International Paper Co., 324 N.C. 567, 380 S.E.2d 510 (1989) (holding a settlement *206 reached by the parties without the written consent of the employer is void). Plaintiff argues that under Pollard and Williams, the settlement should be treated as void, rather than bar recovery under the Act. Plaintiff asserts the correct remedy is to void the settlement and allow the superior court to determine the amount, if any, of Defendant's lien. If any amount is due Defendant, Plaintiff asserts future payment can be deducted from benefits due to Plaintiff. We disagree.
Plaintiff's claims against the third party tortfeasor are not before this Court. The difference between this case and Pollard and Williams, is both those cases involved appeals from the superior court's order allowing the settlements to be disbursed. The settlements had not been disbursed without the court's or Commission's approval.
Here, the settlement was agreed to, paid, allocated and disbursed without notice to Defendant and prior to Plaintiff's later claim for entitlement to workers' compensation benefits. Initial and oral notice of the accident to Defendant does not satisfy the required statutory written notice of the claim and consent to the settlement or disbursement. The statute specifically prohibits either party from entering into a settlement or accepting payment from the third party without written consent of the other. N.C. Gen.Stat. 97-10.2(h).
Plaintiff's assertion does not consider or align with the legislative purpose of N.C. Gen. Stat § 97-10.2(h) to allow Defendant to participate in the settlement process by requiring *250 review and written consent to the settlement. Allowing Defendant to recoup its lien from settlement funds already paid and disbursed does not accomplish the statute's purpose and intent, and is unfair to Defendant.
In light of the requirement of N.C. Gen.Stat. § 97-10.2(h) that the employer provide written consent to the Plaintiff's settlement with a third party, the reasoning of the Hefner case is applicable here. Where an employee is injured in the course of his employment by the negligent act of a third party, settles with the third party, and proceeds of the settlement are disbursed in violation of N.C. Gen.Stat. § 97-10.2, the employee is barred from recovering compensation for the same injuries from his employer in a proceeding under the Workers' Compensation Act. Hefner, 252 N.C. at 281, 113 S.E.2d at 568.
In light of our holding, we need not address the applicability of principles of judicial and equitable estoppel. By the express language of the statute and the General Assembly's stated intent, Plaintiff is precluded from recovering workers' compensation benefits under the Act for injuries arising from the automobile accident after excluding Defendant *207 from the settlement allocation and disbursement of proceeds. Id. Plaintiff's arguments are overruled.
V. Conclusion
Plaintiff is barred from later claiming entitlement to compensation under the Workers' Compensation Act after settling his claim with the third party tortfeasor without the written consent of the employer in violation of N.C. Gen.Stat. § 97-10.2, or an order from the superior court or the Commission, prior to disbursement of the proceeds of the settlement. The Industrial Commission erred in finding and concluding Plaintiff was entitled to workers' compensation benefits under these facts. The Commission's Opinion and Award is reversed.
REVERSED.
Judges McCULLOUGH concurs.
Judge DIETZ concurs with separate opinion.