IN THE SUPREME COURT OF NORTH CAROLINA

No. 52PA16

Filed 8 December 2017

DAVID EASTER-ROZZELLE, Employee

v.

CITY OF CHARLOTTE, Employer,
SELF-INSURED

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) of a unanimous decision
of the Court of Appeals, ___ N.C. App. ___, 780 S.E.2d 244 (2015), reversing an opinion
and award filed on 2 March 2015 by the North Carolina Industrial Commission.
Heard in the Supreme Court on 28 August 2017.

> *Sumwalt Law Firm, by Vernon Sumwalt; and Fink & Hayes, PLLC, by Steven
> B. Hayes, for plaintiff-appellant.*
>
> *Jones, Hewson & Woolard, by Lawrence J. Goldman, for defendant-appellee.*
>
> *Wallace and Graham, P.A., by Edward L. Pauley, for North Carolina Advocates
> for Justice, amicus curiae.*

HUDSON, Justice.

Defendant, the City of Charlotte, appealed the opinion and award of the North
Carolina Industrial Commission awarding plaintiff, David Easter-Rozzelle, benefits
arising out of a 29 June 2009 automobile accident. *Easter-Rozzelle v. City of
Charlotte*, ___ N.C. App. ___, 780 S.E.2d 244 (2015). On appeal, the Court of Appeals
reversed, holding that because plaintiff had elected to settle his personal injury claim

against the third-party tortfeasor without the consent of defendant and had received disbursement of the settlement proceeds, plaintiff was barred from pursuing compensation for that claim under the Workers' Compensation Act (Act). *Id.* at ___, 780 S.E.2d at 250. Because the Act protects both the employer's lien against third-party proceeds and the employee's right to pursue workers' compensation benefits in these circumstances, we reverse.

Background

On 18 June 2009, while working as a utility technician, plaintiff injured his neck and shoulder when he slipped while handling a manhole cover. Defendant City, plaintiff's self-insured employer, accepted plaintiff's claim as compensable under the Act by filing a Form 60 with the North Carolina Industrial Commission. Defendant authorized treatment with Scott Burbank, M.D. at OrthoCarolina for plaintiff's injury. Dr. Burbank restricted plaintiff from work until 29 June 2009, at which point plaintiff contacted and informed defendant that he was still in too much pain to report to work. Following defendant's instructions, plaintiff contacted Dr. Burbank's office, which informed plaintiff that they would provide him with an out-of-work note that he could pick up at their office.

While driving to Dr. Burbank's office to retrieve the note, plaintiff was involved in an automobile crash and suffered a traumatic brain injury. That same day, after being transported to the hospital, plaintiff gave his wife a card containing the name and contact information for his supervisor, Mr. William Lee, and asked her to call

Mr. Lee and inform him of the incident. Plaintiff's wife contacted Mr. Lee and told him that plaintiff had been in a wreck while traveling to Dr. Burbank's office to get an out-of-work note and that plaintiff would not be coming to work that day. In the ensuing three-day period, plaintiff had at least two conversations with Mr. Lee about the circumstances of the injury. Plaintiff also informed his safety manager and multiple employees in defendant's personnel office that he had been in a car crash on the way to his doctor's office to get an out-of-work note for defendant.

Plaintiff underwent surgery in May and November 2010 for his shoulder injury. On 18 November 2011, Dr. Burbank assigned plaintiff a ten percent permanent partial disability rating to the right shoulder and imposed permanent work restrictions. Defendant has continued to pay plaintiff weekly temporary total disability benefits.

Meanwhile, plaintiff received treatment for the traumatic brain injury sustained in the car wreck from David R. Wiercisiewski, M.D. of Carolina Neurosurgery & Spine and Dr. Bruce Batchelor of Charlotte Neuropsychologists. Dr. Wiercisiewski diagnosed plaintiff with a concussion and post-concussion syndrome, and both physicians referred plaintiff to a psychologist for ongoing post-traumatic stress disorder symptoms, memory loss, and cognitive deficits.

Plaintiff retained separate attorneys for his personal injury claim relating to the crash and for his workers' compensation claim relating to his original shoulder injury. Plaintiff's personal injury lawyer informed his personal health insurance

carrier, Blue Cross Blue Shield, that he was not "at work" when he sustained the injuries from the crash, and therefore, medical bills for these injuries should be covered by Blue Cross Blue Shield. On 1 August 2011, the third-party claim settled for $45,524.20. The settlement proceeds were disbursed and plaintiff received his share of the funds.

As his workers' compensation claim proceeded, plaintiff and defendant agreed to mediation. At the 9 April 2012 mediation, plaintiff's workers' compensation attorney first learned that plaintiff had been traveling to the office of his authorized physician to get an out-of-work note when the wreck occurred. The mediation was suspended and plaintiff filed an amended Form 18 Notice of Accident to Employer in which he restated his initial claim for injuries and added a claim for his closed head and brain injury which occurred while he "was driving to see authorized treating physician and was involved in a car wreck." On 13 December 2012, defendant filed a Form 61 with the Commission denying the head injury claim. In its filing, defendant stated that it had no notice of the car accident or that plaintiff claimed that the car accident was related to his workers' compensation claim until the April 2012 mediation. Defendant asserted that plaintiff should be estopped from claiming compensation for the head injury because "the motor vehicle accident resulted in a settlement with a third party and the distribution of the settlement funds without preserving defendant's lien." Because the parties were unable to agree on

compensability of the head injury, plaintiff filed a Form 33 with the Commission in January 2013 requesting that the claim be assigned for a hearing.

Deputy Commissioner Phillip A. Holmes heard this matter on 11 December 2013. On 7 March 2014, Deputy Commissioner Holmes entered an opinion and award denying plaintiff's claim for benefits. The deputy commissioner concluded that N.C.G.S. § 97-10.2 "provides the only method in which the employer's lien is satisfied from a third party settlement." The deputy commissioner further concluded that under *Hefner v. Hefner Plumbing Co.*, 252 N.C. 277, 113 S.E.2d 565 (1960), when an employee settles and disburses funds from a third-party settlement without preserving the defendant's lien, or applying to a superior court judge to reduce or eliminate the lien, the employee is barred from recovering under the Act. Accordingly, Deputy Commissioner Holmes determined that plaintiff here was estopped from claiming benefits from his 29 June 2009 car wreck because he did not contend it was compensable until after the third-party claim settled and the settlement proceeds were distributed. Plaintiff appealed to the Full Commission.

The Full Commission heard the case on 15 August 2014, and on 2 March 2015, issued an opinion and award reversing the decision of the deputy commissioner. In so doing, the Commission considered the record of the proceedings before the deputy commissioner, which included the parties' stipulations, exhibits, and testimony from witnesses, including plaintiff and his wife. The Commission assigned credibility to the testimony of plaintiff and his wife and found that plaintiff was not aware that his

injuries from the car crash were arguably compensable until the April 2012 mediation. Further, the Commission found and concluded that plaintiff provided timely actual notice of the car wreck to defendant and that defendant knew of the collision and its attendant circumstances. Regarding defendant's lien and the applicability of *Hefner*, the Commission found, in relevant part:

> 25. The Full Commission finds that the present case is distinguishable from *Hefner*. In *Hefner*, the Plaintiff was injured in an automobile collision arising out of and in the course of his employment. Plaintiff's attorney advised the Defendant-Carrier that Plaintiff was proceeding against the third-party and was not making a claim for workers' compensation benefits at that time. The Plaintiff's attorney did provide periodic correspondence and informed the carrier of the status of Plaintiff's injuries and the developments in the negotiations with the third-party. The Plaintiff then settled his claim against the third-party and executed a release and thereafter filed a claim with the North Carolina Industrial Commission. The Plaintiff in *Hefner* contended that although Plaintiff chose to settle with the third-party tortfeasor, Defendant-Carrier should now be made to pay a proportionate part of Plaintiff's attorney fees in the third-party matter. The Supreme Court specifically stated in *Hefner* that the Court based its decision upon the interpretation of N.C. Gen. Stat. § 97-10 as it existed prior to June 20, 1959, which restricted an employee from recovering both under a workers' compensation action and an action at law against a third party tortfeasor. The Supreme Court in *Hefner* held that pursuant to the repealed provisions of N.C. Gen. Stat. § 97-10, an employee may waive his claim against his employer and pursue his remedy against the third party. The Plaintiff in *Hefner* had elected to pursue his remedy against the third party instead of pursuing benefits under the Workers' Compensation Act and was therefore barred from recovering under the Act. The present matter is controlled by the current provisions of N.C. Gen. Stat. § 97-

10.2 which do not include the waiver provisions in effect in the *Hefner* case. The *Hefner* holding is not applicable to the present case.

(Punctuation inconsistencies in original.) Furthermore, the Commission concluded that

> 5.     With regard to Plaintiff's distribution of third party settlement funds without Defendant's knowledge and consent and without the prior approval of the Industrial Commission, or applying to a Superior Court Judge to determine the subrogation amount, the Full Commission concludes that the North Carolina Supreme Court decision in *Hefner v. Hefner Plumbing Co., Inc*[.], 252 N.C. 277, 113 S.E.2d 565 (1960) does not preclude Plaintiff from pursuing benefits under the Workers' Compensation Act for his June 29, 2009 automobile accident. The Supreme Court in *Hefner* stated:
>
> > This is the determinative question on this appeal: May an employee injured in the course of his employment by the negligent act of a third party, after settlement with the third party for an amount in excess of his employer's liability, and after disbursement of the proceeds of such settlement, recover compensation from his employer in a proceeding under the Workman's Compensation Act. In light of the provisions of the Act as interpreted by this Court, the answer is "No."
>
> However, the Full Commission concludes that the present case is distinguishable from *Hefner*. As stated in the findings of fact above, in *Hefner*, the Plaintiff was injured in an automobile collision arising out of and in the course of his employment. Plaintiff's attorney advised the Defendant-Carrier that Plaintiff was proceeding against the third-party and was not making a claim for workers' compensation benefits at that time. The Plaintiff's

attorney did provide periodic correspondence and informed the carrier of the status of Plaintiff's injuries and the developments in the negotiations with the third-party. The Plaintiff then settled his claim against the third-party and executed a release and thereafter filed a claim with the North Carolina Industrial Commission. The Plaintiff in *Hefner* contended that although Plaintiff chose to settle with the third-party tortfeasor, Defendant-Carrier should now be made to pay a proportionate part of Plaintiff's attorney fees in the third-party matter. The Supreme Court specifically stated in *Hefner* that the Court based its decision upon the interpretation of N.C. Gen. Stat. § 97-10 as it existed prior to June 20, 1959, which restricted an employee from recovering both under a workers' compensation action and an action at law against a third party tortfeasor. The Supreme Court in *Hefner* held that pursuant to the repealed provisions of N.C. Gen. Stat. § 97-10, an employee may waive his claim against his employer and pursue his remedy against the third party. The Plaintiff in *Hefner* had elected to pursue his remedy against the third party instead of pursuing benefits under the Workers' Compensation Act and was therefore barred from recovering under the Act. The present matter is controlled by the current provisions of N.C. Gen. Stat. § 97-10.2 which do not include the waiver provisions in effect in the *Hefner* case. The *Hefner* holding is not applicable to the present case. *Hefner v. Hefner Plumbing Co., Inc*[.], 252 N.C. 277, 113 S.E.2d 565 (1960).

. . . .

11. An employer's statutory right to a lien on recovery from the third party tortfeasor is mandatory in nature. *Radzisz v. Harley Davidson of Metrolina, Inc.*, 346 N.C. 84, 484 S.E.2d 566 (1997). The employer's lien is in existence even before payments have been made by the employer. *Id.* Even though Defendant has not accepted Plaintiff's claim for his June 29, 2009 accident and has not paid any medical bills related to his June 29, 2009 accident, Defendant is entitled to a statutory lien on recovery from the third party settlement proceeds. Although the third

> party settlement funds have been disbursed, Defendant is still entitled to a reimbursement for its statutory lien after the subrogation lien amount has been determined. *Id.*

(Punctuation inconsistencies in original.) Accordingly, the Commission awarded plaintiff benefits arising out of the 29 June 2009 automobile crash and ordered defendant to pay all related medical expenses incurred by plaintiff when those bills are approved by the Commission under established procedures. The Commission further ordered that defendant be reimbursed "for its statutory lien against the third party settlement in this matter when the subrogation amount is determined by agreement of the parties or by a Superior Court Judge." The Commission ordered defendant to continue paying plaintiff temporary total disability benefits. Defendant appealed from the Commission's opinion and award.

In a unanimous opinion filed on 1 December 2015, with one judge concurring separately, the Court of Appeals reversed the Full Commission. *Easter-Rozzelle*, ___ N.C. App. at ___, 780 S.E.2d at 250. The majority opined that the Commission misstated the law by asserting that *Hefner* precluded an employee from recovering both from his employer under the Act and from a third-party tortfeasor in an action at law. *Id.* at ___, 780 S.E.2d at 248. The majority noted that the provision requiring an employee to elect between the two remedies was removed in 1933 and observed that *Hefner* recognized that an employee could pursue both remedies under the formerly applicable statute, N.C.G.S. § 97-10. *Id.* at ___, 780 S.E.2d at 248; *see also Hefner*, 252 N.C. at 282-83, 113 S.E.2d at 569 ("Indeed the applicable statute

contemplates that where employee pursues his remedy against the employer and against the third party, a determination of benefits due under the Act must be made prior to the payment of funds recovered from the third party.").

Furthermore, relying upon this Court's decision in *Pollard v. Smith*, 324 N.C. 424, 426, 378 S.E.2d 771, 773 (1989), the Court of Appeals majority stated that under the current statute, N.C.G.S. § 97-10.2, a settlement requires the written consent of the employer in order to be valid, even when the case is settled in accord with subsection (j), which allows either party to apply to the superior court to determine the subrogation amount of the employer's lien. *Id.* at ___, 780 S.E.2d at 248-49. The majority opined that the General Assembly intended for employers to have involvement and consent in the settlement process and added that allowing defendant to be reimbursed "from settlement funds already paid and disbursed does not accomplish the statute's purpose and intent, and is unfair to Defendant." *Id.* at ___, 780 S.E.2d at 249-50. The majority concluded that, "[i]n light of the requirement of N.C. Gen.[ ]Stat. § 97-10.2(h) that the employer provide written consent to the Plaintiff's settlement with a third party, the reasoning of the *Hefner* case is applicable here." *Id.* at ___, 780 S.E.2d at 250. Because plaintiff here settled his claim with the third party and disbursed the proceeds without the written consent of defendant, and

without an order from the superior court or the Commission, the majority held that

plaintiff was barred from recovery under the Act.  *Id.* at ___, 780 S.E.2d at 250.[1]

Plaintiff sought this Court's review of the Court of Appeals' unanimous

decision.  On 8 December 2016, the Court allowed plaintiff's petition for writ of

certiorari.

Analysis

Plaintiff argues that in reversing the Full Commission, the Court of Appeals

relied upon cases that had been superseded by statute, including *Hefner* and *Pollard*,

and misinterpreted the provisions of the Act.  We agree, and thus reverse the decision

of the Court of Appeals.

We review an order of the Full Commission to determine only "whether any

competent evidence supports the Commission's findings of fact and whether the

findings of fact support the Commission's conclusions of law." *Deese v. Champion*

*Int'l Corp.,* 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000); *see also* N.C.G.S. § 97-86

(2015).  "The Commission's conclusions of law are reviewed *de novo.*"  *McRae v.*

*Toastmaster, Inc.,* 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004) (citation omitted).

---

[1] Writing separately, Judge Dietz concurred in the result, but opined that plaintiff is barred from recovery under the Act by the doctrine of quasi-estoppel.  *Id.* at ___, 780 S.E.2d at 250 (Dietz, J., concurring) ("This case presents a hornbook example of the doctrine of quasi-estoppel.")  Because plaintiff accepted the benefit of a settlement without defendant's consent and without court approval, Judge Dietz opined that plaintiff later "took a plainly inconsistent position by asserting that his injury was, in fact, subject to the [Act] despite having just settled the claim in a manner that indicated it was not."  *Id.* at ___, 780 S.E.2d at 250.

We review decisions of the Court of Appeals for errors of law. *Irving v. Charlotte-Mecklenburg Bd. of Educ.*, 368 N.C. 609, 611, 781 S.E.2d 282, 284 (2016) (citing N.C. R. App. P. 16(a)).

Here the Court of Appeals majority concluded that the Commission misstated the holding in *Hefner* and that *Hefner* bars plaintiff from recovering compensation under the Act. This reliance on *Hefner* is misplaced because the provisions relating to claims against third-party tortfeasors were substantially amended in 1959, and *Hefner* was decided under the previous statute. Further, we note that the Commission did slightly misstate this Court's holding in *Hefner* by suggesting that under the old statutory framework, an employee could *never* recover both under a workers' compensation claim and against a third-party tortfeasor. This is understandable on the part of the Commission in that the Court in *Hefner* was applying N.C.G.S. § 97-10, a "somewhat prolix enactment," *Lovette v. Lloyd*, 236 N.C. 663, 667, 73 S.E.2d 886, 890 (1953), which was the last in a line of provisions not heralded for their clarity. *See A Survey of Statutory Changes in North Carolina in 1943*, 21 N.C. L. Rev. 323, 382 (1943) [hereinafter *Survey*] ("Section 11 of the Act has always been a source of difficulty." (footnote omitted)).

The original Workers' Compensation Act, enacted in 1929, required an employee to choose between recovering compensation from his employer under the Act or recovering damages against the third-party tortfeasor. The North Carolina

Workmen's Compensation Act, ch. 120, sec. 11, 1929 N.C. Pub. [Sess.] Laws 117, 122.

Specifically, section 11 provided that when an employee

> may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this act, and prosecute the same to its final determination; *but either the acceptance of an award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy.*

*Id.* (emphasis added). This express "election of remedies" language was removed in 1933 when the General Assembly deleted section 11 and replaced it with a new version, Act of May 12, 1933, ch. 449, sec. 1, 1933 N.C. Pub. [Sess.] Laws 798, 798, which was further amended in 1943, Act of Mar. 8, 1943, ch. 622, sec. 1, 1943 N.C. Sess. Laws 728, 728-29. The amended section, which was codified at N.C.G.S. § 97-10, provided that "after the Industrial Commission shall have issued an award, or the employer or his carrier has admitted liability . . . the employer or his carrier shall have the *exclusive right* to commence an action" against the third party for a period of six months, after which the employee possessed the right to bring the action.[2]

---

[2] Following the 1933 amendments, the Act

> seemed to intend that compensation claims should be determined and the employer (or insurer) should then be assured of reimbursement from any common law recovery to which the employee was entitled by giving the employer the exclusive right to assert such claim for a period of six months. The section as interpreted, however, did not prevent the employee from getting his common law action under way and collecting both a judgment and compensation without the

N.C.G.S. § 97-10 (1943) (emphasis added). Because an employee who had received either an award from the Commission or an admission of liability from the employer could—after the employer's exclusive six-month period expired—also proceed against the third-party tortfeasor, this amended section, which was applicable in *Hefner*, was no longer a wholesale bar to an employee pursuing both remedies. *See Lovette*, 236 N.C. at 667, 73 S.E.2d at 890 ("Under [N.C.G.S. § 97-10], the right to maintain a common law action still exists in behalf of an employee against a third party through whose negligence he is injured, even though the injury is compensable under the Act, and even though the employee actually receives compensation for it under the Act."). Yet, the amended section gave little guidance in situations when an employee had filed a claim for compensation, but there had been no award and no admission of liability, or in situations in which the employee had yet to file a claim at all.[3]

---

employer knowing of the suit at common law.

*Survey* at 382; *see also Whitehead & Anderson, Inc. v. Branch*, 220 N.C. 507, 17 S.E.2d 637, (1941) (holding that an employer who had paid benefits to a deceased employee's dependents under the Act could not proceed in a wrongful death action against an independent third-party tortfeasor when the administrator of the deceased employee had already obtained a judgment against that third party). This may explain why in 1943 the legislature added the word "exclusive" to the employer's right to bring the action, and also provided that the right existed not just after an award by the Commission, but also upon an admission of liability by the employer. *Survey* at 382-83; *see also* ch. 622, sec. 1, 1943 N.C. Sess. Laws at 728-29.

[3] *See Survey* at 383 ("Whether an action already started by the employee would abate on the commission's awarding of compensation (it certainly would not automatically) or whether the employer could then join as party plaintiff and take charge of the suit, the statute does not say. It should have gone farther and dealt with these and other specific and highly practical problems in detail.").

A variation of the latter situation arose in *Ward v. Bowles*, 228 N.C. 273, 45 S.E.2d 354 (1947). There, after the plaintiff was injured in a car accident while in the course of his employment, he brought a negligence action against the third party. *Id.* at 274-75, 45 S.E.2d at 354-55. The third-party defendant contended that, because the plaintiff had never filed a claim for compensation against his employer, and because there had been no award issued by the Commission and no admission of liability by the employer, the plaintiff was precluded from pursuing damages against the defendant under N.C.G.S. § 97-10. *Id.* at 274-75, 45 S.E.2d at 354-55. The Court disagreed, concluding that "[w]hile the rights of the employee, as against a third party after claim for compensation is filed, are limited, G.S. 97-10, there is nothing in the Act which denies him the right to waive his claim against his employer and pursue his remedy against the alleged tort-feasor by common law action for negligence." *Id.* at 275, 45 S.E.2d at 355. Thus, while N.C.G.S. § 97-10, as interpreted, allowed an employee who had filed a claim for compensation against his employer to also seek recovery from the third party in the limited circumstances prescribed by the statute, section 97-10 still provided for an election of remedies for a plaintiff who sought to avoid those limitations. This decision became the basis for the holding in *Hefner*.

In *Hefner*, after the plaintiff was injured in a car accident, he informed the insurance carrier that he was making no workers' compensation claim at that time and was proceeding against the third-party tortfeasor. 252 N.C. at 278, 113 S.E.2d at 565-66. The plaintiff reached a settlement with the third party, and the settlement

funds were disbursed. *Id.* at 278-79, 113 S.E.2d at 566-67. The plaintiff then filed a workers' compensation claim seeking to have the defendant insurance carrier pay a proportionate part of the attorney's fee in the third-party action. *Id.* at 278, 113 S.E.2d at 566. The Court first noted that, although N.C.G.S. § 97-10 had recently been repealed and replaced with new provisions, the new provisions did not apply in *Hefner* based on the date of the plaintiff's injuries. *Id.* at 281, 113 S.E.2d at 568. The Court then stated:

> Under the language of the deleted statute, G.S. 97-10, it appears that several courses of action are open to an employee who is injured, in the course of his employment by the negligent act of a person other than his employer. Among the remedies, he may waive his claim against his employer and pursue his remedy against the third party. *Ward v. Bowles*, 228 N.C. 273, 45 S.E.2d 354. This is the course taken by plaintiff here.

*Id.* at 282, 113 S.E.2d at 568-69. The Court did recognize that an employee could recover compensation under the Act and also seek damages from a third party, but in accordance with *Ward, see* 228 N.C. at 275, 45 S.E.2d at 355 ("[T]he rights of the employee, as against a third party after claim for compensation is filed, are limited, G.S. 97-10 . . . ."), concluded that in those cases the specific procedures of the section needed to be followed. *Hefner*, 252 N.C. at 282-83, 113 S.E.2d at 569 ("Indeed the applicable statute contemplates that where [the] employee pursues his remedy against the employer and against the third party, a determination of benefits due under the Act must be made prior to the payment of funds recovered from the third

party.").

Accordingly, the Court of Appeals majority here correctly noted that the "*Hefner* opinion was not a blanket preclusion of an employee's right to recover from his employer as well as the third party tortfeasor under N.C. Gen.[ ]Stat. § 97-10." *Easter-Rozzelle*, ___ N.C. App. at ___, 780 S.E.2d at 248 (majority opinion). Nonetheless, *Hefner* did apply an election of remedies that is incompatible with the current statutory framework.

In 1959 the General Assembly repealed N.C.G.S. § 97-10 and enacted N.C.G.S. §§ 97-10.1 and 97-10.2. Act of June 20, 1959, ch. 1324, sec. 1, 1959 N.C. Sess. Laws 1512, 1512-15. Notably, these new provisions gave *to the employee* the exclusive right to bring the third-party action for the first twelve months from the date of the injury. *Id.* at 1512-13. More importantly, subsection 97-10.2(i), which was not addressed here by the Court of Appeals, provides, as it has continuously since 1959, that:

> Institution of proceedings against or settlement with the third party, or acceptance of benefits under this Chapter, shall not in any way or manner affect any other remedy which any party to the claim for compensation may have except as otherwise specifically provided in this Chapter, and *the exercise of one remedy shall not in any way or manner be held to constitute an election of remedies so as to bar the other*.

N.C.G.S. § 97-10.2(i) (2015) (emphasis added); *see also* ch. 1324, sec. 1, 1959 N.C. Sess. Laws at 1515. We can hardly envision a stronger legislative mandate against an election of remedies doctrine. The Court's pronouncement in *Hefner* that among

an employee's remedies, "he may waive his claim against his employer and pursue his remedy against the third party," 252 N.C. at 282, 113 S.E.2d at 568-69, is contrary to the express language of N.C.G.S. § 97-10.2. Accordingly, *Hefner* does not apply here to bar plaintiff's claim under the Act.

Nor does the employer's lack of consent to the settlement revive *Hefner*'s application for a new era. *See Easter-Rozzelle*, ___ N.C. App. at ___, 780 S.E.2d at 250 ("In light of the requirement of N.C. Gen.[ ]Stat. § 97-10.2(h) that the employer provide written consent to the Plaintiff's settlement with a third party, the reasoning of the *Hefner* case is applicable here."). Subsection (h) of the original N.C.G.S. § 97-10.2 required the employee or employer to obtain the written consent of the other before making a settlement or accepting payment from a third party and provided that no release or agreement obtained without consent was valid or enforceable. N.C.G.S. § 97-10.2(h) (1959); *see also* ch. 1324, sec. 1, 1959 N.C. Sess. Laws at 1514-15. In 1983 the legislature added N.C.G.S. § 97-10.2(j), which provided:

> In the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or in the event that a settlement has been agreed upon by the employee and the third party when said action is pending on a trial calendar and the pretrial conference with the judge has been held, either party may apply to the resident superior court judge of the county in which the cause of action arose or the presiding judge before whom the cause of action is pending, for determination as to the amount to be paid to each by such third party tortfeasor. If the matter is pending in the federal district court such determination may be made by a federal district court judge of that

division.

Act of June 30, 1983, ch. 645, sec. 1, 1983 N.C. Sess. Laws 604, 604. In *Pollard* we opined that "subsection (j) must be read *in pari materia* with the rest of the section," specifically subsection (h), and therefore, written consent was still required before a case was settled in accord with subsection (j). 324 N.C. at 426, 378 S.E.2d at 773; *see also Williams v. Int'l Paper Co.*, 324 N.C. 567, 572, 380 S.E.2d 510, 513 (1989) ("This statute, by its terms, makes it clear that neither the employer nor the employee may make a valid settlement without the written consent of the other. . . . N.C.G.S. § 97-10.2(j) does not supersede § 97-10.2(h) and subsection (j) should be read *in pari materia* with the other provisions of the statute."). Here the Court of Appeals majority correctly recited the Court's holding in *Pollard*, but failed to account for the statutory revisions that followed.

Specifically, in 1991 the legislature substantially overhauled subsections (h) and (j), Act of June 26, 1991, ch. 408, sec. 1, 1991 N.C. Sess. Laws 768, 771-72, and made further revisions to subsection (j) in 1999 and 2004, Act of June 9, 1999, ch. 194, sec. 1, 1999 N.C. Sess. Laws 401, 401; Act of July 18, 2004, ch. 199, sec. 13.(b), 2003 N.C. Sess. Laws (Reg. Sess. 2004) 786, 792. Unlike the applicable statute in *Pollard*, the current version of N.C.G.S. § 97-10.2 provides that no consent is required when a case is settled in accord with subsection (j). Specifically, subsection (h) states:

> Neither the employee or his personal representative nor
> the employer shall make any settlement with or accept any
> payment from the third party without the written consent

of the other and no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein; *provided, that this sentence shall not apply:*

(1) If the employer is made whole for all benefits paid or to be paid by him under this Chapter less attorney's fees as provided by (f)(1) and (2) hereof and the release to or agreement with the third party is executed by the employee; or

*(2) If either party follows the provisions of subsection (j) of this section.*

N.C.G.S. § 97-10.2(h) (2015) (emphases added).  Furthermore, subsection (j) has been amended to further obviate the need for consent:

(j) Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, *and with or without the consent of the employer*, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer.

*Id.* § 97-10.2(j) (2015) (emphasis added).  Accordingly, it is clear that consent is no longer required for a valid settlement and that either party can avail itself of subsection (j).  *See, e.g., Fogleman v. D&J Equip. Rentals, Inc.*, 111 N.C. App. 228,

232, 431 S.E.2d 849, 852 ("*Pollard* endowed subrogation lienholders . . . with the right not to have their lien abridged without their consent. The amended version of section 97-10.2 affected that right by allowing a party to apply to Superior Court to have it determine the amount of the lien, *regardless of whether the lienholder had consented.*"), *disc. rev. denied*, 335 N.C. 172, 436 S.E.2d 374 (1993).

Defendant attempts to draw a distinction between the situation here and the statute based on the settlement funds having been disbursed, asserting that allowing plaintiff to pursue workers' compensation benefits is unfair when defendant had no participation in the settlement process. The court below agreed. *See Easter-Rozzelle*, ___ N.C. App. at ___, 780 S.E.2d at 249-50 ("[T]he General Assembly clearly intended for the employer to have involvement and consent in the settlement process . . . . Allowing Defendant to recoup its lien from settlement funds already paid and disbursed does not accomplish the statute's purpose and intent, and is unfair to Defendant."). This argument is without merit. Any distinction based upon the timing of the disbursement of a third-party settlement ignores the entirety of N.C.G.S. § 97-10.2. We conclude that barring a plaintiff who has received funds from a third party from pursuing a workers' compensation claim contravenes the express language of subsection (i). *See* N.C.G.S. § 97-10.2(i) ("[T]he exercise of one remedy *shall not in any way or manner* be held to constitute an election of remedies so as to bar the other." (emphasis added)).

Further, we note that an employer's lien interest in third-party proceeds is

"mandatory in nature," and thus, there is no "windfall of a recovery" to plaintiff here because defendant is entitled to recover the amount of its lien by means of a credit against plaintiff's ongoing workers' compensation benefits. *Radzisz v. Harley Davidson of Metrolina, Inc.*, 346 N.C. 84, 88-90, 484 S.E.2d 566, 568-70 (1997) (holding that although the defendants had denied liability and there had been no award from the Commission, as contemplated by subsection (f), the defendants were still entitled to a lien interest in settlement proceeds that had been disbursed to the plaintiff). Subsection (j) contains no temporal requirement, and either party here may apply to the superior court judge to determine the amount of defendant's lien. As the Commission found:

> Plaintiff's distribution of the third party funds does not affect Defendant's right to a subrogation lien on the third party settlement funds. Plaintiff is still receiving Workers' Compensation benefits and Defendant can still pursue reimbursement of its lien from benefits due Plaintiff after the subrogation amount is determined by agreement of the parties or by a Superior Court Judge.

The Commission's approach was entirely consistent with the current statutes, which protect both the employee's right to pursue his workers' compensation claim and the employer's right to reimbursement if a third party also has some liability for the injuries.

Moreover, while the Court of Appeals expressed concern with the fairness of the notice given by plaintiff here, we conclude that the applicable statute, N.C.G.S. § 97-22, as well the unchallenged findings of the Commission, addresses this concern.

Specifically, the statute provides:

> Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Article prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C.G.S. § 97-22 (2015); *see also* N.C.G.S. § 97-18(j) (2015) ("The employer or insurer shall promptly investigate each injury reported or known to the employer and at the earliest practicable time shall admit or deny the employee's right to compensation or commence payment of compensation . . . .").

Here the Commission made findings and conclusions that plaintiff gave defendant notice of the car accident. The Commission found, in relevant part:

> 6. The Full Commission finds the testimony of Plaintiff's wife and Plaintiff to be credible.
>
> 7. Based upon a preponderance of the evidence, the Full Commission finds as fact that Plaintiff notified Mr. Lee, his supervisor, Ms. Brown, his safety manager, and some other employees in Defendant's personnel office that he was injured in an automobile accident on June 29, 2009

while traveling to his doctor's office to get an out-of-work medical note related to his shoulder injury.

. . . .

20. With regard to Defendant's notice of Plaintiff's June 29, 2009 automobile accident and injury and the fact that his injury from the automobile accident occurred while he was driving to see Dr. Burbank for treatment relating to his compensable right shoulder, the Full Commission finds, based upon a preponderance of the credible evidence, that Defendant had actual notice from Plaintiff's wife on the day of his automobile accident and from Plaintiff within three days following his automobile accident that Plaintiff was injured on June 29, 2009 while traveling to Dr. Burbank's office to obtain an out-of-work note related to his work-related right shoulder injury, which had been requested by Defendant-Employer.

21. The Full Commission further finds that the notice to Defendant-Employer given by Plaintiff's wife and Plaintiff advising that Plaintiff was injured in an automobile accident on June 29, 2009 while traveling to his doctor's office to get an out-of-work medical note for his compensable shoulder injury as requested by his employer was timely given and constituted sufficient actual notice to alert Defendant that Plaintiff's injury from the automobile accident flowed directly from and was causally related to his compensable right shoulder injury. At a minimum, Defendant had sufficient actual notice to investigate whether the automobile accident was compensable under the Act and to direct medical treatment for Plaintiff, if appropriate.

22. The Full Commission also finds that Plaintiff had a reasonable excuse for his delay in giving written notice to Defendant that he was injured in an automobile accident on June 29, 2009 while traveling to his doctor's office to get an out-of-work medical note for his compensable shoulder injury as requested by his employer, as Defendant was given actual notice on the day of the

accident and again within three days thereafter. Thus, Defendant had actual notice that Plaintiff's automobile accident either was, or was likely compensable under the Act because it occurred under circumstances where Plaintiff was seeking medically related treatment for his compensable right shoulder condition. Additionally, Plaintiff did not know that his injuries from the automobile accident were arguably compensable as part of his Workers' Compensation claim until the date of mediation on April 9, 2012.

We note that these findings were unchallenged by defendant, and they therefore are binding on our review. *See Medlin v. Weaver Cooke Constr., LLC*, 367 N.C. 414, 423, 760 S.E.2d 732, 738 (2014) ("[W]here findings of fact are not challenged and do not concern jurisdiction, they are binding on appeal." (citing, *inter alia*, N.C.G.S. § 97-86 (2013))). Further, the Commission concluded:

> 4. The Full Commission concludes that Defendant had actual notice from Plaintiff's wife on the day of his automobile accident and from Plaintiff within three days following his automobile accident that Plaintiff was injured on June 29, 2009 while traveling to Dr. Burbank's office to obtain an out-of-work note related to his work-related right shoulder injury, which had been requested by Defendant-Employer. The notice provided to Defendant was timely given and constituted sufficient actual notice to alert Defendant that Plaintiff's injury from the automobile accident flowed directly from and was causally related to his compensable right shoulder injury. At a minimum, Defendant had sufficient actual notice to investigate whether the automobile accident was compensable under the Act and to direct medical treatment for Plaintiff, if appropriate. Plaintiff had a reasonable excuse for his delay in giving written notice to Defendant as Defendant had actual notice of the automobile accident and Plaintiff's resulting injury and that the automobile accident flowed directly from and was causally related to travel related to

medical treatment for his compensable shoulder condition. Additionally, Plaintiff did not know that his injuries from the automobile accident were arguably compensable as part of his Workers' Compensation claim until the date of mediation on April 9, 2012.

This conclusion is supported by the unchallenged findings of fact.

Accordingly, defendant had an opportunity to participate in the settlement process with the third-party tortfeasor but did not do so. Plaintiff had no reason to delay negotiations with the third party or disbursement of the settlement proceeds because, based on the unchallenged findings of the Commission, he did not know that his injuries were potentially compensable under the Act. On the other hand, because defendant received actual notice, it had an opportunity to promptly investigate the accident and determine its compensability. Had defendant done so, it would have discovered what became apparent in the 9 April 2012 mediation—that plaintiff suffered compensable injuries—and it could have participated in the settlement process.

## Conclusion

In sum, we hold that the Commission correctly concluded that *Hefner* is inapplicable here and that plaintiff had not waived his right to compensation under the Act. Further, the Commission correctly determined that once the subrogation lien amount is determined by agreement of the parties or by a superior court judge, defendant is entitled to reimbursement of its lien from the benefits due to plaintiff. Accordingly, we reverse the decision of the Court of Appeals, and remand this case to

that court for further remand to the Commission for additional proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.